## NATIONAL LABOR RELATIONS BOARD v. MILAN SHIRT MFG. CO.

### No. 8908.

Circuit Court of Appeals, Sixth Circuit.

Feb. 4, 1942.

Ruth Weyand, of Washington, D. C. (Robert B. Watts, Laurence A. Knapp, Ernest A. Gross, Richard C. Barrett, and Edward J. Creswell, all of Washington, D. C., on the brief), for petitioner.

V. H. Holmes, of Trenton, Tenn. (Holmes & Holmes, of Trenton, Tenn., on the brief), for respondent.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

We could flash no new light upon a well illuminated subject by writing, in the instant case, a fact review, followed by re-statement of authoritative pronouncements. We have already, many times, burdened the books with voluminous discussion in reviewing findings of fact, conclusions of law, decisions and orders of the National Labor Relations Board. Our most limited power of review has been made crystal clear. National Labor Relations Board v. Waterman Steamship Corp., 309 U.S. 206, 208, 209, 226, 60 S.Ct. 493, 84 L.Ed. 704; National Labor Relations Board v. Bradford Dyeing Ass'n, 310 U.S. 318, 342, 343, 60 S.Ct. 918, 84 L.Ed. 1226.

The findings of fact of the Labor Board are supported by substantial evidence of record and justify the conclusions reached by the board that respondent has engaged in unfair labor practices within the reach of Section 8(1) and 8(3) of the National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq. The order entered by the board and sought to be enforced was appropriate to the board's findings, inferences and conclusions.

The affirmative action required of respondent, with respect to the hiring of persons named in the appendix to the board's order, directly conforms to the mandate of Phelps Dodge Corporation v. National Labor Relations Board, 313 U.S. 177, 61 S.Ct. 845, 848, 85 L.Ed. 1271, 133 A.L.R. 1217, in which, saying that "discrimination against union labor in the hiring of men is a dam to self organization at the source of supply," the Supreme Court held that an employer subject to the National Labor Relations Act may not refuse to hire applicants for employment solely because of their affiliation with a labor union.

The situation presented in this case closely parallels that revealed in National Labor Relations Board v. Waumbec Mills, 1 Cir., 114 F.2d 226. There, the respondent was a newly created corporation, as was the respondent in the case at bar. There, as here, the direct question was whether a discriminatory refusal to hire is an unfair labor practice within the meaning of Section 8 of the National Labor Relations Act. The question was answered affirmatively in the "able opinion of Judge Magruder." 313 U.S. 186, 61 S.Ct. 849, 85 L. Ed. 1271, 133 A.L.R. 1217. The jurist cautioned (114 F.2d op. 234): "This emphatically does not mean that an employer may not lawfully decline to employ a union applicant, any more than does the prohibition against a discriminatory dis-

charge forbid an employer ever to discharge a union man. In either case, the statutory test is whether the applicant was rejected or the employee discharged on account of union membership or activity, or on account of some permissible criterion."

The petition of the National Labor Relations Board for enforcement of its order is allowed, with the admittedly necessary modification of paragraphs 2(b) and 2(c) by striking therefrom the following language: "And pay over the amount so deducted to the appropriate fiscal agency of the Federal, State, county, municipal or other government or governments which supply funds for said work relief projects." See Republic Steel Corporation v. National Labor Relations Board, 311 U.S. 7, 61 S.Ct. 77, 85 L.Ed. 6.