**NATIONAL LABOR RELATIONS BOARD
v. SWIFT & CO. et al.**

No. 8966.

Circuit Court of Appeals, Sixth Circuit.
April 11, 1942.

David Findling, of Washington, D. C. (Robert B. Watts, Laurence A. Knapp, Ernest A. Gross, Richard C. Barrett, and William Strong, all of Washington, D. C., on the brief), for petitioner.

William N. Strack, of Chicago, Ill., for respondent.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

■ No jurisdictional issue is here involved.

The Board found that respondents had committed unfair labor practices within the meaning of Section 8(1) (2) and (5) of the National Labor Relations Act, 49 Stat. 449, 29 U.S.C. § 151 et seq., 29 U.S.C.A. § 151 et seq. Upon an examination of the record we conclude that the findings are supported by substantial evidence. National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368. In view of our limited power of review [see N. L. R. (B) v. Milan Shirt Mfg. Co., 6 Cir., 125 F.2d 376, decided Feb. 4, 1942] we do not think that a detailed discussion of the findings will be particularly helpful. In this respect we are content to follow the practice in Westinghouse Electric & Mfg. Co. v. National Labor Relations Board, 312 U.S. 660, 61

S.Ct. 736, 85 L.Ed. 1108, and National Labor Relations Board v. Automotive Maintenance Mach. Co., 62 S.Ct. 608, 86 L.Ed. ——, decided by the Supreme Court February 16, 1942.

However, certain objections to the Board's order merit attention.

Respondents complain of that part of the order requiring them to disestablish Neuhoff Employees Independent Association, herein called Independent, as a representative of any of their employees, asseverating that Independent is now non-existent. There is no evidence that this is true, though an inference might arise from the non-activity of Independent over a considerable period of time. Independent had come speedily into existence after respondent, Neuhoff Packing Company, herein called Neuhoff, had on April 21, 1937, following the Supreme Court's validation of the Wagner Act, disestablished an admittedly illegal Representative Plan; and had, as speedily, on May 22, 1937, been declared a bargaining agent for Neuhoff employees by Tompkins and Covey, Manager and Superintendent, respectively, of Neuhoff. This recognition occurred despite the fact that on May 6, 1937, over two weeks earlier, Local 405, Amalgamated Meat Cutters and Butchers Workmen, herein called Amalgamated, associated with the American Federation of Labor which brought the charge against respondents herein, had addressed a letter to Tompkins claiming to represent a majority of the employees for the purpose of collective bargaining. Neuhoff insists, however, that its recognition of the Independent was superseded by its agreement in paragraph 8 of the call for an election signed by Neuhoff, the Independent, Amalgamated and National Labor Relations Board on May 29, 1937, to recognize as exclusive representative, for the purposes of collective bargaining, whichever party was selected by the majority of employees voting in the election; and that Amalgamated, chosen as the bargaining agent, was so recognized.

In view of what we consider to have been evasive efforts at bargaining by Neuhoff after Amalgamated was chosen, we conclude that the Board was justified in ordering the disestablishment of the Independent as a possible obstacle to future bargaining efforts.

The bargaining activities referred to took place on June 11, 14, 16 and 25, between Tompkins and Covey, representing Neuhoff, and Wolfington (Union organizer) and four or five employee members of Amalgamated. Amalgamated offered twenty-three proposals as the basis for an agreement; and after four meetings the only matters agreed upon were the right of seniority, a system of shop stewards for the handling of grievances, and arbitration machinery for their adjustment. Neuhoff rejected a closed shop; objected to including a wage scale as part of the agreement; objected to a clause for apportioning work; objected to a no-strike clause; objected to clauses protecting workers against lay-offs and discrimination; and to the inclusion of other clauses which would embody existing company policy. Neuhoff refused to yield or share any control by an agreement with Amalgamated on items of policy then in effect. Tompkins seemed to think that an agreement for machinery for presenting grievances was all the safeguard that the employees needed. Wolfington, sensing the futility of this, stated that such an agreement was of no value, and called a strike.

The strike was not successful. Within a few days most of the employees had returned to work. On July 9, 1937, when the strike was practically over, another attempt was made by Amalgamated representatives to bargain with Neuhoff. Amalgamated was represented by a lawyer and Tompkins and Covey were joined by one Horton, a member of the legal staff of Swift & Company, herein called Swift. At this meeting the adamant attitude of Neuhoff against agreement became crystal clear, when Tompkins and Horton stated that Neuhoff would not agree to bind itself to anything relating to wages and hours, refusing even to bind itself for a single day to continue the existing forty hour week.

This of course was not collective bargaining. H. J. Heinz Co. v. National Labor Relations Board, 311 U.S. 514, 61 S.Ct. 320, 85 L.Ed. 309; Bethlehem Shipbuilding Corp., Ltd., v. National Labor Relations Board, 1 Cir., 114 F.2d 930, 941; National Labor Relations Board v. Blanton Co., 8 Cir., 121 F.2d 564, 569. The whole spirit of the Act enjoined upon Neuhoff the duty to engage sincerely in an effort to reach a basis for agree-

**32**

ment. National Labor Relations Board v. Sands Mfg. Co., 6 Cir., 96 F.2d 721, 725, affirmed 306 U.S. 332, 59 S.Ct. 508, 83 L.Ed. 682. The law will not tolerate a "thinly disguised" refusal to meet its obligations. National Licorice Co. v. National Labor Relations Board, 309 U.S. 350, 359, 60 S.Ct. 569, 84 L.Ed. 799. The attitude of Neuhoff through its representatives laid it open to serious question whether they were acting in good faith and justified the Board's conclusion that Independent should be disestablished as another possible obstacle to future bargaining efforts. H. J. Heinz Co. v. N. L. R. B., supra, 311 U.S. at page 522, 61 S.Ct. 320, 85 L.Ed. 309. It must be kept in mind that the Board had found that respondents had dominated Independent and contributed to it and had never taken steps to dissolve it or to cancel their pre-existing arrangement with it.

█ The Board's order was properly directed against Swift as well as against Neuhoff. Both were in the meat packing business. Neuhoff was a wholly owned subsidiary of Swift. Swift's Vice-President and Secretary held the same offices in Neuhoff and constituted two of its five directors. Tompkins admitted that he consulted frequently with Swift officials and the lawyer for Amalgamated testified that at the conference following the strike, Tompkins and Horton stated that neither Swift nor Neuhoff would bind Neuhoff to anything relating to wages and hours. Tompkins admitted that he did not send for Horton and did not pay him. Collins, a member of Amalgamated and an employee of Neuhoff, testified that Covey told him before the strike that Swift emphatically would not recognize a closed shop. The evidence strongly indicates that Swift not only could control Neuhoff but was in fact doing so on important matters. Under the specific provisions of the Act, Sec. 2(2), we must regard Swift as an "employer." There is substantial evidence that it was acting in its own interest as well as that of Neuhoff. See Bethlehem Steel Co. v. N. L. R. B., 74 App.D.C. 52, 120 F.2d 641, at page 648.

█ The contention that the order to bargain should be contingent upon another election is without merit. See National Labor Relations Board v. P. Lorillard Co., 62 S.Ct. 397, 86 L.Ed. ——, decided by the Supreme Court January 5, 1942.

We have examined all other objections of respondents to the Board's order and find them also without merit.

The order will be enforced without modification.